PATRICK BENSON *vs.* SAMUEL B. WHITNEY & another.

An order by B., a creditor, upon R., one of two joint debtors, for a portion of the debt due, payable to D., was accepted by R., who authorized D. to commence an action in B.'s name against both debtors, as a means of securing payment of said order, with the understanding that the balance recovered above the amount of the order should go to R. Such action was brought, and R. was defaulted, and, upon trial by the other defendant, verdict was rendered for B., who thereupon discharged said defendant under seal. *Held,* that there had been no such assignment of the claim by B. to D. as would prevent B. from discharging the suit, although said defendant knew it had been assigned before action brought.

THIS was an action of assumpsit for work and labor, against Samuel B. Whitney and Michael Rogers. The defendant Rogers was defaulted, and, upon trial, a verdict was rendered in favor of the plaintiff for ninety dollars. After verdict and before judgment, the defendant Whitney paid the plaintiff forty-eight dollars, and the plaintiff, under seal, discharged all claim in his favor against said Whitney on account of the matter claimed in this suit, and the verdict rendered therein and requested "neither party" to be entered. The plaintiff also came personally into court, and requested that the said action might be dismissed. The defendant Whitney also moved that judgment might be arrested upon said verdict.

Judgment upon the verdict was claimed by the counsel, in the name of the plaintiff, upon the ground that the claim was assigned to one Edward Donahoe. It was found that, previous to the commencement of this suit, the plaintiff, Benson, gave an order, in writing, in favor of said Donahoe, upon said Rogers alone, for the sum of twenty-five dollars, which was accepted by said Rogers, and he authorized said Donahoe to prosecute this action against said Whitney, as a means of

securing the payment of said order, for the benefit of said Donahoe, and that the rest of the amount recovered should go to said Rogers; and that, in pursuance of this agreement and authority, Donahoe advanced the money to the attorney, to pay for the writ and service at the commencement of the suit

It was also proved that the attorney who commenced this suit, before the entry thereof, informed the defendant Whitney that the claim had been assigned, without telling him to whom, or informing him of the circumstances of the assign-ment.

In the court of common pleas, *Hoar,* J. ordered judgment for the plaintiff, on the verdict, to the amount of twenty-five dollars. To this ruling and order of the court the defendant Whitney excepted.

*J. G. Abbott,* for the defendant Whitney. 1. No judgment having been rendered on the verdict, the defendant could show in arrest, that the whole claim sought to be recovered had been settled, or, at any rate, when the plaintiff came into court and moved to dismiss the action, it was the duty of the court below to do it, unless the facts proved disclose a sufficient objection.

2. In this case there was no assignment of the claim in suit. The order for a less amount on one defendant, not directed to or accepted by the other, was no assignment; it was a mere contract, by which one defendant agreed to pay a third person a certain sum, without reference to the amount due in this case. *Walker* v. *Russell,* 17 Pick. 280; *Foster* v. *Lowell,* 4 Mass. 308; *Gibson* v. *Cooke,* 20 Pick. 15; *Comstock* v. *Farnum,* 2 Mass. 96, 97.

3. The notice by the plaintiff's attorney, of an assignment, cannot be sufficient, as it was not according to the facts; there was no assignment; even if there had been, it was not sufficient; it gave no information by which the defendant could protect himself, or by which he could settle with the as-signee. If the assignee of a chose in action would protect his own interest, he must give such notice of the assignment as will enable the debtor to settle with him and resist any claim of the original creditor. It is the duty of the assignee to furnish this evidence, and not of the debtor to seek for it.

*Comstock* v. *Farnum*, 2 Mass. 96, 97; *Wood* v. *Partridge*, 11 Mass. 488.

4. At the most, there was in this case a mere authority to prosecute given to Donahoe, which could be revoked by the plaintiff. The only possible interest Donahoe could have was to secure his twenty-five dollars' order, and, if he claimed to protect that, it was his duty to have notified the defendant of the extent of his claim, so that he could govern himself accordingly.

5. The suit was, in fact, prosecuted more for the benefit of one of the defendants than of Donahoe. It was a fraudulent attempt between Donahoe and Rogers, one of the defendants, to obtain money from Whitney by means of this suit, an object which the court will not protect.

*J. P. Converse*, for the plaintiff. 1. The order in writing, given in favor of Donahoe and accepted by Rogers, is clearly sufficient to prevent Rogers from objecting to the prosecution of the suit against him.

2. The authority given to prosecute the suit, as a means of securing the payment of a debt, was, in its legal consequences, the assignment of the claim for which the suit was brought, at least to the extent of the debt due to Donahoe. *Grover* v. *Grover*, 24 Pick. 261; *Weed* v. *Jewett*, 2 Met. 608.

3. But if it was not technically the assignment of the claim, it was a power coupled with an interest, which power could not be revoked by said Benson. *Wheeler* v. *Slocumb*, 16 Pick. 52; Paley on Agency, *c*. 3, § 4.

4. The notice of the assignment, given to Mr. Whitney by the counsel for the plaintiff, was sufficient to put Whitney on his guard, and to warn him that a settlement with Benson would not be binding upon the real party in interest, whoever he might be, and was, therefore, legally sufficient. *Boylston* v. *Greene*, 8 Mass. 465; *Jones* v. *Witter*, 13 Mass. 304; *Brown* v. *Maine Bank*, 11 Mass. 153, and cases there cited.

5. The assignment to Donahoe, for a valuable consideration, gave him a right to sue in the name of Benson; and this right was not destroyed by any release from Benson subsequently. *Hart* v. *Western Railroad Co.* 13 Met. 99.

BY THE COURT. The evidence shows no assignment of which the court could take notice, and no such notice by Donahoe to Whitney, of the assignment to Donahoe, as to enable the defendant safely to deal with Donahoe as the equitable assignee of a chose in action, to warrant the court in allowing Donahoe to take the control of the suit as plaintiff; and the power of the nominal plaintiff to control the suit was not superseded by such intervention.

The plaintiff and defendant having agreed that the action be entered " neither party," it is ordered that such entry be now made.